# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2016

Lyle W. Cayce
Clerk

PRINCE MAKABALA NDULU,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 683 046

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Prince Makabala Ndulu, a native and citizen of the Democratic Republic of the Congo (DRC), petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60095

Ndulu contends:  the BIA erred in determining he was ineligible for asylum; and, substantial evidence does not support the conclusion he failed to demonstrate past persecution, or a well-founded fear of future persecution, based on his political beliefs.  He asserts the BIA did not consider the cumulative effect of his claims regarding past persecution, and applied the incorrect legal standard in assessing his future-persecution claim.  Ndulu also maintains the BIA erred in determining he was ineligible for withholding of removal or relief under the CAT.

Our court reviews only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision".  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Here, the BIA based its decision in part on the IJ's reasoning; therefore, our court may review the decisions of both the BIA and IJ.  *Id*.; *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  Questions of law are reviewed *de novo*; factual findings for substantial evidence.  *Id.* at 903. To demonstrate a lack of substantial evidence, Ndulu must show "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it".  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (emphasis in original) (quoting *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)).

Asylum is discretionary, and may be granted to a refugee, outside his country, "who is unable or unwilling to return . . .  because of persecution or a well-founded fear of persecution on account of [1] race, [2] religion, [3] nationality, [4] membership in a particular social group, or [5] political opinion".  *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014) *cert. denied*, 135 S. Ct. 1183 (2015) (citation omitted).  Accordingly, Ndulu must show "either past persecution or a reasonable, well-founded fear of future persecution on account of one of the five enumerated factors".  *Id.*

No. 15-60095

Ndulu maintains he was subject to past persecution due to his political opinion. After returning to the DRC in July 2011 from South Korea (where he was denied political asylum), he was interrogated at the airport upon arrival, and later threatened by text message. In February 2012, he was detained in the airport for eight hours on one occasion, stripped, beaten, and told he was being "blacklisted" as a combatant after agents found photographs of government violence in his luggage. Nevertheless, airport officials released Ndulu in the evening; he walked home without seeking medical attention, and remained in the DRC for several weeks without incident, before returning to South Korea. Ndulu traveled back to the DRC for three weeks in July 2012, and reported no incidents during that time.

Our court has rejected claims of past persecution similar to Ndulu's. *Eduard v. Ashcroft* clarified that conduct may be "morally reprehensible" but still not persecution. 379 F.3d 182, 188 (5th Cir. 2004) (general mistreatment with one incident of physical violence insufficient to show past persecution). Accordingly, under our highly deferential standard of review, Ndulu fails to show the BIA erred in determining he did not suffer past persecution. *Id.*; *Aligwekwe v. Holder*, 345 F. App'x 915, 920 (5th Cir. 2009).

Moreover, the BIA properly considered the cumulative effect of the persecutory conduct alleged rather than any individual incident of persecution. *See Eduard*, 379 F.3d at 188. In agreeing with the IJ's conclusion, although the BIA stated Ndulu's "one encounter with [G]overnment officials at the airport" was insufficient to show past persecution, its restatement and examination of several of Ndulu's other claims reveals it properly considered the aggregate effect of the incidents before making its determination.

With regard to Ndulu's claimed fear of future persecution, the BIA applied the correct legal standard, and required him to show not only a

subjective fear of persecution, but also that his fear was "objectively reasonable". *Id.* at 189. Substantial evidence supports the BIA's conclusion Ndulu failed to show a reasonable person in his circumstances would fear persecution. *Id.* As noted *supra*, although Ndulu received text-message threats and was "blacklisted" as a combatant, he was able to remain in the DRC after the airport incident; officials did not obstruct his departures to South Korea; and he voluntarily returned to the DRC without incident. Accordingly, Ndulu fails to show the evidence compels finding he has a well-founded fear of future persecution. *Id.*

Because Ndulu fails to show a well-founded fear of persecution for purposes of asylum, he also fails to satisfy the higher objective burden required to show eligibility for withholding of removal. *Chen*, 470 F.3d at 1138 ("[T]he requirement [to establish] 'clear probability' of persecution requires the applicant to show a higher objective likelihood of persecution than that required for asylum").

For Ndulu's assertion the BIA erred in determining he was ineligible for CAT relief, he must demonstrate "it is more likely than not" he would be subject to torture if he returns to the DRC. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). He again asserts he has been "blacklisted", and others participating in similar political activities have been subject to violence. Ndulu does not contest the finding he was not tortured in the past. The BIA agreed with the IJ's determination that, due to insufficient evidence, he could not make the requisite showing. Here, the limited evidence presented does not compel a contrary conclusion. *See id.* at 493–94.

DENIED.