# United States Court of Appeals for the Fifth Circuit

---

No. 23-60171
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2024

Lyle W. Cayce
Clerk

Tamaz Metreveli,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 787 667

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Tamaz Metreveli, a native and citizen of Georgia, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the denial of: asylum; withholding of removal; and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Metreveli contends the BIA erred in declining to review the immigration judge's (IJ) adverse-credibility determination. The BIA assumed without deciding that Metreveli's testimony was credible but concluded on the merits that he did not qualify for asylum or withholding of removal because he failed to show past, or a well-founded fear of future, persecution. (Metreveli has forfeited, for failure to brief, any challenge to the BIA's conclusion that he waived his CAT claim. *See, e.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 n.1 (5th Cir. 2021) (explaining unbriefed issues are forfeited).)

Our court reviews the BIA's decision and considers the IJ's ruling only to the extent it influenced the BIA. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). "We consider legal questions de novo, and we review the factual determination that an individual is not eligible for asylum or withholding of removal for substantial evidence." *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (emphasis in original) (citation omitted).

Because the BIA did not reach the merits of the IJ's adverse-credibility ruling, the credibility issue is not properly before our court and will not be considered. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Martinez-De Umana v. Garland*, 82 F.4th 303, 309 n.3 (5th Cir. 2023) (rejecting consideration of issues unaddressed by BIA).

To qualify for asylum, Metreveli must show he is "unable or unwilling" to return to Georgia "because of persecution or a well-founded

fear of persecution on account of" a statutorily protected ground, such as political opinion. 8 U.S.C. § 1101(a)(42)(A); *see also Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (explaining statutory framework). A petitioner who establishes past persecution "is presumed to have a well-founded fear of future persecution". *Zhu v. Ashcroft*, 382 F.3d 521, 528 n.6 (5th Cir. 2004). If petitioner cannot show past persecution, he must show a well-founded fear of future persecution by demonstrating "a subjective fear of persecution, and that fear must be objectively reasonable". *Chen*, 470 F.3d at 1135 (citation omitted); *see also Zhu*, 382 F.3d at 528 n.6.

Insofar as Metreveli challenges the BIA's finding that he failed to demonstrate harm rising to the level of past persecution, he has not shown the evidence compels a contrary finding. *See Chen*, 470 F.3d at 1134 (outlining standard of review). The incident where Metreveli was held at gunpoint and beaten—combined with the multiple threats he received to support the Georgian Dream Party or leave the country—is insufficient to demonstrate past persecution. *See Gjetani v. Barr*, 968 F.3d 393, 395–99 (5th Cir. 2020) (collecting cases and affirming BIA's determination that repeated death threats and attack resulting in injuries requiring stitches did not amount to past persecution). Substantial evidence also supports the BIA's finding that Metreveli's fear of future persecution was not objectively reasonable. *See Chen*, 470 F.3d at 1135 (outlining burden for well-founded fear of future persecution). His children remain in Georgia unharmed, and he was able to depart from, and return to, Georgia without incident during the claimed persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) ("[T]he reasonableness of an alien's fear of persecution is reduced when his family remains in his native country unharmed for a long period of time after his departure".); *Ndulu v. Lynch*, 643 F. App'x 345, 347–48 (5th Cir. 2016) (considering unobstructed departures and returns as evidence against well-founded fear of future persecution).

No. 23-60171

Metreveli has not demonstrated eligibility for asylum and, therefore, has also failed to demonstrate eligibility for withholding of removal. *See, e.g.*, *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020) ("[O]ne who fails to show entitlement to asylum fails to show entitlement to withholding of removal".).

DENIED.